<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEVEN L. GROSSBERG and DONNA S. GROSSBERG; and DONNA S. GROSSBERG and MATTHEW GROSSBERG, as Trustees and on behalf of the Steven L. Grossberg Irrevocable Family Trust, | |
| *Plaintiffs/Counter-Defendants,* | Civil Action No. 20-5855 (KSH) (CLW) |
| v. | |
| JOSHUA GOTTLIEB, THE GOTTLIEB ORGANIZATION; MANAGEMENT SOLUTIONS LLC, | **<u>OPINION</u>** |
| *Defendants,* | |
| and | |
| SECURIAN FINANCIAL GROUP, INC.; and its subsidiary, MINNESOTA LIFE INSURANCE COMPANY, | |
| *Plaintiffs/Counter-Defendants.* | |
| SECURIAN FINANCIAL GROUP, INC.; and its subsidiary, MINNESOTA LIFE INSURANCE COMPANY, | |
| *Third-Party Plaintiffs,* | |
| v. | |
| EUGENIA M. VECCHIO, as Trustee of the Donna S. and Steven L. Grossberg Irrevocable Family Trust dated May 27, 2011, | |
| *Third-Party Defendant.* | |

**<u>Katharine S. Hayden, U.S.D.J.</u>**

This matter comes before the Court on the motion (D.E. 87) filed by plaintiffs/counter-defendants Steven L. Grossberg and the Steven L. Grossberg Irrevocable Family Trust (the

1

"Trust," together with Steven, the "Grossbergs") to dismiss the contractual "hold harmless" counterclaim (D.E. 80) filed by defendants/counter-plaintiffs Minnesota Life Insurance Company and Securian Financial Group, Inc. (the "ML defendants").

The Court is no stranger to this case, having held lengthy oral argument on June 10, 2022 to address the ML defendants' motion to dismiss the negligence, vicarious liability, and unjust enrichment claims asserted against them. (*See* D.E. 81, 6/10/22 Tr.) During argument, counsel for the ML defendants previewed that "discovery ha[d] produced a hold harmless agreement," in which the Grossbergs purportedly "agreed to hold Minnesota Life harmless from and against any claims, losses, liabilities, damages, and expenses directly or indirectly related to any premium financing arrangement associated with the purchase of the life insurance policies from Minnesota Life." (6/10/22 Tr. 7:6-12, 78:4-10.) Counsel for the Grossbergs countered with their view that the hold harmless agreement was inapplicable to the claims against the ML defendants, which sound in negligence for "failing to train and supervise" Steven Grossberg's agent, defendant Joshua Gottlieb, in connection with the Grossbergs' life insurance policies—not for failing to procure premium financing. (*Id.* 50:6-10.)

After the Court denied the ML defendants' motion to dismiss (*see* D.E. 75), they answered the complaint and asserted the hold harmless counterclaim referenced during oral argument. (D.E. 80, Counterclaim.)[1] Attached to the ML defendants' counterclaim as Exhibit B is a "Premium Financing Client Disclosure" form (the "disclosure form"), which the Grossbergs executed in

---

[1] The ML Defendants also asserted a contribution counterclaim against third-party defendant Eugenia Vecchio and Donna and Matthew Grossberg, which the Grossbergs have not moved to dismiss. (*See* Counterclaim, Count II.)

2

connection with their application for the life insurance policies.  (D.E. 80-2, Counterclaim Ex. B.) The disclosure form provides in pertinent part as follows:

> I agree to hold Minnesota Life harmless from and against any claims, losses, liabilities, damages, and expenses directly or indirectly related to any premium financing arrangement associated with the purchase of a life insurance policy from Minnesota Life.

(*Id.* at § 12.)  The disclosure form also instructs the recipients to "**Sign and return this disclosure form with your application for life insurance**." (*See id.*)  Consistent with that instruction, Steven Grossberg signed the disclosure form as the proposed insured, and the trustees of the Trust—namely, Donna and Matthew Grossberg—signed on behalf of the Trust as the proposed policyowners.  (Counterclaim ¶ 30.)

The Grossbergs have now moved to dismiss the ML defendants' counterclaim, arguing primarily that the disclosure form which contains the hold harmless agreement is not a valid and enforceable contract.  The ML defendants oppose on grounds that the disclosure form is incorporated by reference into the Grossbergs' life insurance policies, and have provided the Court with a copy of one of the policies.[2]  (D.E 94-2, Kloter Decl. Ex. A.)  In pertinent part, that policy states as follows:

> *Your policy, or any change to it, and all applications attached to it, contains the entire contract between you and us. This includes the initial application and all subsequent applications to change your policy. Any statements made either by you or by the insured, in the initial application or in any application for change will, in*

---

[2] The Grossbergs urge the Court not to consider the insurance policy in the record because the hold harmless counterclaim "do[es] not allege, or provide any basis from which to infer, that the contractual hold harmless claim is based on the Disclosure Forms *and* the life insurance policies, or that the Disclosure Forms were not contracts themselves but are enforceable because they were attached to and incorporated into the life insurance policies." (D.E. 98, Reply Br. at 5.)  Putting aside the fact that the insurance policies go to the heart of this case, the Grossbergs' argument is belied by the plain language of the hold harmless counterclaim, which alleges that they executed the disclosure form "[i]n connection with the purchase of" the policies.  (Counterclaim ¶ 30.) Accordingly, the Court will consider the policy in the record.

3

>  *the absence of fraud, be considered representations and not warranties.* Also, any statement made either by you or by the insured will not be used to void your policy nor defend against a claim under your policy unless the statement is contained in the initial application or in any application for change to this policy.
>
>  . . .
>
>  Any additional agreement[3] attached to this policy will become a part of this policy and will be subject to all the terms and conditions of this policy unless we state otherwise in the agreement.

(*Id.* at 17 (emphasis added).)

Albeit the policy does reference certain attached "applications," neither party has provided the Court with evidence of what documents were involved when the Grossbergs executed the policies. The counterclaim at issue here rests on the parties' express agreement to be bound by the "policy . . . *and all applications attached to it.*" (Kloter Decl. Ex. A. at 17 (emphasis added)). Moreover, well-settled New Jersey law provides that "*[n]o application for any life or health insurance policy* or annuity contract *shall be admissible in evidence* in any action relative to such policy or contract, *unless a copy of the application was attached to or endorsed upon the policy or contract when issued.*" N.J.S.A. 17B:24-3(a) (emphases added). So the threshold for a reasoned decision on this motion is missing before the Court can even consider the Grossbergs' contention that the issues in dispute make the hold harmless inapplicable (D.E. 87-1, Mov. Br. at 7; Reply Br. at 7-8), an argument that by its very nature does not support a motion to dismiss at this stage.

---

[3] The policy includes two additional agreements—an "Early Values Agreement" and an "Overloan Protection Agreement." (*Id.* at 27-30; *see also id.* at 2.)

4

Accordingly, the Court denies the motion.[4]  An appropriate order will issue.

Date: January 26, 2023                                            /s/ Katharine S. Hayden
                                                                               Katharine S. Hayden, U.S.D.J.

---

[4] This decision is not an invitation for the parties to supplement motion practice aimed at dismissing the counterclaim.  Rather, the ruling supports the Court's earlier conclusion that "the contours of the insurance policies at issue are not at hand in a manner to permit [the Court] to decide with confidence that the issuers' actions and inactions are legally not actionable." (D.E. 82, 6/13/22 Tr. 4:4-7.)  Here, too, "there is far more to learn about the workings of the policies"— that is, "their options, their flexibility, and their suitability"—before the Court will dismiss parties or causes of action from this case. (*Id.* at 6:19-25, 10:19-21.)